Dear Mayor Taylor:
You requested an opinion on behalf of the village of Palmetto regarding the District Five Road Commission of St. Landry Parish, which was established by LSA-R.S. 48:600.1. In your letter you asked whether the members of the Road Commission have individual or personal liability exposure for acts or omissions which cause damage resulting from decisions made in the line of duty while serving on the commission.
The commission is considered a political subdivision of the state of Louisiana. See LSA-R.S. 48:600.1(D)(1). The limitations of liability of members of boards, commissions, or authorities of political subdivisions are found in Title 9 of the Revised Statutes. Section 2792.4(A) thereof defines members of a board, commission or authority of a political subdivision and Section 2792.4(B) provides as follows:
 A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
A review of this statute with respect to limitations of liability of members of commissions indicates that the members of the Road Commission would not be subject to personal or individual liability for acts of negligence regarding decisions made in the line of duty while, serving on the commission. However, an Attorney General's Opinion rendered in 1977 said the following:
 There is no general immunity per se from either civil or criminal liability to a public official, including such a board or commission member. . . . (See opinion no. 77-887).
 If by chance a member of such a board or commission has a ministerial duty to perform and his or her failure to perform that duty causes loss or damages to a third person, he or she may be held liable to that third person for such loss or damages, as of course so could the political subdivision itself. Fisher v. Levy, 180 La. 195, 156 So. 220, (1934); Chester Hoover Construction Co., et al v Thornburg, 311 So.2d 542, 545 (1975). An example of a "ministerial duty" is the duty of a clerk of court to record a mortgage. With a board or commission such a ministerial duty would, for example, be the duty of the secretary to keep minutes, the duty of a president or other particular officer to execute sales or leases lawfully authorized and directed by this Board. (Id.)
The 1977 opinion indicates that a member of a state board or commission may be held liable for acting in his official capacity as a member of said board or commission. However, this opinion was rendered prior to the enactment of LSA-R.S. 9:2792.4. Therefore, it is the opinion of this office that because the commission is a political subdivision of the state of Louisiana, individual commissioners have no personal liability to any third party for damages occasioned by acts or omissions which fall within the scope of the powers and duties conferred upon them as commissioners of the District Five Road Commission of St. Landry Parish, unless said damages were caused by willful or wanton misconduct.
It is hoped that this opinion is of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 Richard P. Ieyoub Attorney General
 BY: M. Joy Clemons
Deputy Director Litigation Division
MJC:cm *Page 1 
OPINION NUMBER 93-231
November 09, 1993
 90-A POLITICAL SUBDIVISIONS 8-A-4 CLAIMS AGAINST THE STATE — Liability LSA-R.S. 9:2792.4(A); 9:2792.4(B); 42:1441; 38:2551, et seq.
 Individual commissioners have no personal liability to any third party for damages occasioned by acts or omissions which fall within the scope of the powers and duties conferred upon them as commissioners or members of the D'Arbonne Lake Watershed Commission, unless said damages were caused by willful or wanton misconduct.
 There is no language in the statutes to indicate that actions of the commission are acts of the State of Louisiana.
LSA-R.S. 42:1441 provides that the State of Louisiana shall not be liable for any damages caused by a public officer of a political Mr. William T. Lowe, President subdivision within the course and Bayou D'Arbonne Lake Watershed scope of his official duties or District Commission damage caused by an employee of a P.O. Box 1613 public officer of a political Ruston, Louisiana 71273-1613 subdivision.